DOMINICK RIVARA, Respondent, *v.* JAMES STEWART &
COMPANY et al., Appellants.

*Pleading — conditional sale — when complaint in action to recover pay-
ments made on account of conditional purchase of steam tug states
cause of action.*

*Rivara* v. *Stewart & Co.*, 204 App. Div. 890, affirmed.

(Argued May 28, 1923; decided July 13, 1923.)

APPEAL, by permission, from an order of the Appellate
Division of the Supreme Court in the second judicial
department, entered December 15, 1922, which affirmed
an order of Special Term denying a motion for judg-
ment upon the pleadings.    Plaintiff sued to recover
$23,518.87, with interest; being alleged payments on
account of a conditional purchase of the steam . tug
*James B. Stewart* on April 17, 1919.    The complaint
showed that plaintiff made payments up to October 27,
1920, but prior to April 7, 1921, had defaulted in such
payments; that defendants obtained possession of the
tug by admiralty proceedings in which the United States
marshal delivered the tug to them.    Plaintiff's gravamen
was that, although he had not redeemed the tug, nor
made good his default, defendants did not comply with
sections 65 and · 66 of the Personal Property Law of the
state of New York, in that after expiration of thirty
days they did not give notice of the sale of the tug at
auction or otherwise; also in defendants' failure to sell
it within a period of thirty days.

The following questions were certified:

" 1. Do the provisions of sections 63, 65 and 66 of
the Personal Property Law of the state of New York
(Cons. Laws, ch. 41) apply to ships and vessels enrolled
in a United States Customs House?

" 2. Did the New York legislature have power to
require the filing with local officials, such as registers
and county clerks, of contracts for conditional sale of
vessels enrolled in a United States Customs House?

" 3. Does the complaint herein state facts sufficient
to constitute a cause of action? "

*Harrington Putnam, John M. Woolsey, L. De Grove Potter* and *Albert H. Ely, Jr.*, for appellants.

*Pierre M. Brown* and *James M. Gorman* for respondent.

Order affirmed, with costs; third question certified answered in the affirmative; first and second questions not answered; no opinion.

Concur: HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ. Not voting: HISCOCK, Ch. J.

---

JAMES J. O'BRIEN, Respondent, *v.* WALTER B. LASHAR, Appellant, Impleaded with Others.

JAMES J. O'BRIEN, Respondent, *v.* WALTER B. LASHAR, Appellant, Impleaded with Another.

*Practice — process — summons subscribed by plaintiff in person, he not being an attorney at law, valid.*

*O'Brien* v. *Lashar* (2 cases), 206 App. Div. 623, affirmed.
(Argued June 1, 1923; decided July 13, 1923.)

APPEAL, in each of the above-entitled actions, by permission, from an order of the Appellate Division of the Supreme Court, in the second judicial department, entered May 1, 1923 which affirmed an order of Special Term denying a motion to set aside the summons in the above-entitled actions.

The following question was certified in each action: " Is the summons in this action subscribed by the plaintiff in person, he not being an attorney at law, a valid summons? "

*Forrest M. Anderson* and *Charles L. Woody* for appellant. *Judson D. Campbell* for respondent.

Order in each case affirmed with costs; question certified answered in the affirmative; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.